UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHARNELL BURGESS,                                           **COMPLAINT**

                                                            **20 cv 6987**

                                                            **ECF Case**

                Plaintiff,

      vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
ERIC DIPAOLO, JOSEPH MANNI,
TYLER DOWEN, and VICENTE CARDENAS,                          **JURY TRIAL DEMANDED**
in their individual and official capacities,

                Defendants.
------------------------------------------------------------x

Plaintiff Sharnell Burgess, by her attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Sharnell Burgess ("Plaintiff") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for illegal search, false arrest, excessive force, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

1

the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. The individually named defendants Eric Dipaolo, Joseph Manni, Tyler Dowen, and Vicente Cardenas (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

6. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 52nd Precinct.

7. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

8.     Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

9.     On November 22, 2018, Plaintiff Sharnell Burgess was inside her apartment in the Bronx (3510 Decatur Avenue), hosting a peaceful Thanksgiving gathering.

10.    At around 8:30 p.m., four male NYPD officers in uniform – the individual defendants – showed up to her apartment.

11.    The individual defendants did not have a warrant.

12.    Asked what they were doing there, one of the officers responded that they were looking for drugs.

13.    Upon information and belief, a man named Gerard Baker had called the police earlier that day and falsely claimed that Ms. Burgess was overdosing on drugs.

14.    It was clear to the individual defendants that Ms. Burgess was not overdosing on drugs.

15.    Ms. Burgess showed no signs of overdosing on drugs.

16.    Ms. Burgess was lucid, healthy, balanced, coherent, and well-spoken.

17.    Ms. Burgess had consumed two glasses of wine that day, but that was the extent of her consumption of any kind of intoxicating substance; she had not consumed any illicit substances.

18.    The individual defendants had every reason to know that Ms. Burgess posed no danger to herself or others.

19.    The individual defendants were determined to search her apartment.

20. Without her consent, two of the individual defendants barged into her apartment.

21. These two officers thoroughly searched the apartment and found nothing unlawful.

22. The other two officers pulled Ms. Burgess out of her apartment and aggressively arrested her, forcing and scratching her against the hallway walls.

23. The officers placed handcuffs on Ms. Burgess that were too tight and ripped into her skin.

24. While inside her apartment building, Ms. Burgess complained about the tight handcuffs to the officers, but they did nothing to alleviate the pain.

25. Ms. Burgess had done nothing unlawful in the individual defendants' presence.

26. Nevertheless, the individual defendants kept Ms. Burgess detained.

27. The individual defendants took Ms. Burgess downstairs, put her in an ambulance, and, along with Emergency Medical Services personnel, transported her to North Central Bronx Hospital.

28. Prior to going to the hospital, no medical professionals examined Ms. Burgess to determine whether she was overdosing or in any other kind of physical danger.

29. It was the individual defendants who decided to transport Ms. Burgess to the hospital against her will.

30. In the ambulance, Ms. Burgess again complained about the tight handcuffs; again her complaints were ignored.

31. The individual defendants did not give Ms. Burgess an opportunity to dress appropriately for the cold weather.

32. Realizing that there was no reason for Ms. Burgess to be detained at North Central Bronx Hospital, medical professionals at the hospital discharged Ms. Burgess.

33. The individual defendants did not lodge any charges against Ms. Burgess.

34. After several hours in the hospital, Ms. Burgess was finally free to leave.

35. Lacking a phone, money, and suitable clothing, Ms. Burgess walked home in the cold weather and became sick as a result.

36. Ms. Burgess subsequently received a bill for $788.50, issued by the NYC Fire Department EMS, for the cost of transporting her to the hospital.

37. As a result of the above-mentioned conduct, Ms. Burgess suffered substantial physical pain as well as emotional distress and anguish.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

38. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

39. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

41. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

42. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

43. The NYPD has also failed to establish meaningful policies and sensible procedures in handling reports/allegations of intoxication. NYPD officers respond to such reports without any medical expertise and training, yet are charged with making crucial decisions that impact life and liberty. As a result, NYPD officers make uninformed and arbitrary, unguided health decisions, and risk forcibly detaining and hospitalizing innocent civilians who do not need medical treatment.

44. There is a systemic failure by the City to craft rational policies, and to train and supervise officers, to handle reports of overdosing. This failure constitutes a destructive custom and policy that poses a risk to the life and liberty of people who are accused of overdosing but who, in fact, pose zero risk of overdosing.

45. Based on the large volume of reports of dangerous intoxication – both true and false reports – the City has recognized the obvious and significant problem of police officers who lack medical training and judgment to distinguish a person who is suffering an overdose from one who is not. But there is no serious mechanism in place by which to appropriately train and restrain officers, who are simply tasked with exercising their discretion in forcibly taking innocent citizens to the hospital.

**DAMAGES**

46.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution;

    b. Physical injury;

    c. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Illegal Search Under Section 1983

47.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48.     By the actions described, the Defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from unlawful searches.

49.     The defendant officers searched Plaintiff's apartment, where she had a reasonable expectation of privacy, without a valid search warrant.

50.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Excessive Force Under Section 1983

51.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52. By the actions described, the individual defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from excessive and unreasonable force.

53. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### False Arrest Under Section 1983

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

56. By the actions described above, Defendants deprived Plaintiff of her federal civil rights, including her Fourth Amendment right to be secure in her person against unreasonable searches and seizures, specifically her right to be free from false arrest.

57. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Failure to Intervene Under Section 1983

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights by other law enforcement officers.

61. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of her constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

62. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. By the actions described, the Defendant City deprived Plaintiff of her Constitutional rights through its failure to train, supervise, and discipline malicious and abusive officers; and through its failure to enact sensible policies and to effectively train officers to deal with reports/allegations of overdosing and/or dangerous intoxication.

65. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Sharnell Burgess in an amount to be determined at trial;

      b.      An order awarding punitive damages in an amount to be determined at trial;

      c.      A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

      d.      Such other and further relief as this Court may deem appropriate.


DATED:      August 28, 2020                           _____/s/_____
                New York, New York              CYRUS JOUBIN, ESQ.
                                                        43 West 43rd Street, Suite 119
                                                        New York, NY 10036
                                                         (703) 851-2467
                                                         joubinlaw@gmail.com
                                                         Attorney for Sharnell Burgess