UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHARNELL BURGESS,

**FIRST AMENDED COMPLAINT**

**20 cv 6987 (NRB)**

**ECF Case**

Plaintiff,

vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
ERIC DIPAOLO, JOSEPH MANNI,
TYLER DOWEN, and VICENTE CARDENAS,    **JURY TRIAL DEMANDED**
in their individual and official capacities,

Defendants.
-------------------------------------------------------------x

Plaintiff Sharnell Burgess, by her attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.   This action arises from various civil rights violations against Sharnell Burgess

("Plaintiff" or "Burgess") by New York City police officers who unlawfully entered her

apartment, yanked her out, handcuffed her, and hospitalized her against her will.  Plaintiff

asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the

individual defendants for illegal search, false arrest, excessive force, failure to intervene,

and a *Monell* claim against the City of New York for the same constitutional violations.

Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's

fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4.   Plaintiff respectfully demands a trial by jury on each and every one of her claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.   The individually named defendants – Eric Dipaolo, Joseph Manni, Tyler Dowen, and Vicente Cardenas (collectively, the "individual defendants") – are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

6.   On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 52nd Precinct.

7.   Each individual defendant is sued in his individual and official capacity.  At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

8.      Defendant City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

9.      On November 22, 2018 – Thanksgiving – Plaintiff Sharnell Burgess was inside her apartment in the Bronx (3510 Decatur Avenue), hosting a family gathering.

10.      That day, Burgess's disgruntled ex-boyfriend, Gerard Baker (who was not present at the gathering), called the police and falsely claimed that Burgess was overdosing on drugs.

11.      At around 8:30 p.m., four male NYPD officers in uniform – the individual defendants – showed up to Burgess's apartment without a warrant.

12.      The officers said they were responding to a report that Sharnell Burgess was overdosing on drugs.

13.      When Burgess spoke with the officers at the threshold of her apartment – with the apartment door open – she clearly and lucidly explained that she was Sharnell Burgess and that the overdose report was a fake/prank report by her ex-boyfriend.

14.      Burgess showed no sign of overdosing on drugs; she was balanced, clear, and coherent.  She had consumed two glasses of wine at the Thanksgiving gathering; at no point had she taken any illicit substances.

15.      A few other guests who had left Burgess's apartment before the defendant officers arrived also told the officers that there was no overdose in the apartment, prompting Officer Cardenas to state over the NYPD radio that the Emergency Services Unit ("ESU") was not needed at the scene.

16.     During the conversation between Burgess and the individual defendants, Officer Dipaolo planted his foot by the door inside the apartment.

17.     Despite Burgess's repeated requests that Dipaolo remove his foot from her apartment, Dipaolo did not do so.

18.     Burgess's mother was inside the apartment recording the police interaction on her phone and reiterating that there was no overdose in the apartment.

19.     During the conversation at the doorway, Officer Manni asked for Burgess's identification, which Burgess agreed to provide.

20.     The officers insisted on searching Burgess's apartment.  "We need to look to make sure everyone is OK," said Officer Dipaolo.  The following image is from the video taken by Burgess' mother as the officers sought to enter the apartment:



21.     The conversation became increasingly heated when Burgess agreed to obtain her ID but again asked Dipaolo to remove his foot from inside her apartment:  "Remove your foot so I can close my door so I can get my ID."

22.     Dipaolo insisted on keeping his foot planted by the door in her apartment.

23.    When Burgess tried to close her apartment door, Dipaolo pushed the door open, stepped inside the apartment, grabbed Burgess, and pulled her out of the apartment, assisted by Officer Manni.  The following image is from the video taken by Burgess's mother as Burgess was yanked out of her apartment:



24.    The individual defendants surrounded Burgess and tightly handcuffed her.

25.    The handcuffs ripped into Burgess's skin; despite her complaints, the officers did nothing to alleviate the pain.

26.    When Burgess asked why she was being arrested, Dipaolo responded: "obstruction of governmental administration."

27.    The individual defendants knew that Burgess posed no danger to herself or others.

28.    The individual defendants were determined to search Burgess's apartment.

29.     Without her consent, Officers Cardenas and Dowen entered Burgess's apartment after she was in handcuffs; they searched the apartment and found nothing unlawful, suspicious, or dangerous, nothing indicating an overdose.

30.     Although Burgess had done nothing unlawful in the individual defendants' presence, the individual defendants kept Burgess detained.

31.     The individual defendants took Burgess downstairs, put her in an ambulance, and, along with Emergency Medical Services ("EMS") personnel, transported her to North Central Bronx Hospital.

32.     It was the individual defendants who decided to transport Burgess to the hospital against her will – in handcuffs – and the individual defendants went with Burgess to the hospital.

33.     Realizing that there was no reason for Burgess to be detained at North Central Bronx Hospital, medical professionals at the hospital discharged her.

34.     The individual defendants did not lodge any charges against Burgess.

35.     After several hours in the hospital, Burgess was free to leave.

36.     Lacking a phone, money, and suitable clothing, Burgess walked home in the cold weather and became sick as a result.

37.     Burgess subsequently received a bill for $788.50, issued by the NYC Fire Department EMS, for the cost of transporting her to the hospital.

38.     As a result of the above-mentioned conduct, Burgess suffered substantial physical pain as well as emotional distress and anguish.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

39.     All of the aforementioned acts of the individual defendants, their agents,

servants and employees, were carried out under the color of state law in the course and scope of their duties.

40.    All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41.    The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth Amendment to the United States Constitution.

**MONELL ALLEGATIONS**

42.    The Civilian Complaint Review Board ("CCRB") investigated the Thanksgiving incident with Burgess and the defendant officers (CCRB case number 201901322), substantiating allegations of abuse of authority, force, and discourtesy against the officers.

43.    During the CCRB investigation, defendant Officer Dowen stated that as part of his training at the NYPD police academy, he was taught to respond to overdose reports by making "sure everyone in the apartment is OK," which is precisely what Officer Dipaolo kept repeating at Burgess's door and is the reason the individual defendants insisted on entering Burgess's apartment (even though the person alleged to be overdosing was standing right in front of them).

44.    The NYPD's policy to "make sure everyone in the apartment is OK" whenever there is an overdose report invites unlawful entries and searches of private homes without reasonable suspicion.  Such training threatens the liberty of people like Burgess who are falsely reported to be overdosing, and it empowers malicious

individuals (such as bitter ex-boyfriends who want to cause trouble) to send police officers into any home on any occasion by simply making a false report that somebody was overdosing in that home.

**DAMAGES**

45.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

      a.   Violation of her constitutional rights under the Fourth Amendment to the United States Constitution;

      b.   Physical injury;

      c.   Severe emotional trauma, distress, degradation, and suffering.

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**Illegal Search Under Section 1983**

46.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47.     By the actions described, the Defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from unlawful entries and searches of her home.

48.     The defendant officers entered and searched Plaintiff's apartment, where she had a reasonable expectation of privacy, without a valid search warrant.

49.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SECOND CLAIM**

**Excessive Force Under Section 1983**

50.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51.     By the actions described, the individual defendants deprived Plaintiff of her Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically her right to be free from excessive and unreasonable force.

52.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

**THIRD CLAIM**

**False Arrest Under Section 1983**

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55.     By the actions described above, Defendants deprived Plaintiff of her federal civil rights, including her Fourth Amendment right to be secure in her person against unreasonable searches and seizures, specifically her right to be free from false arrest.

56.     As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

57.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**FOURTH CLAIM**

**Failure to Intervene Under Section 1983**

58.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights by other law enforcement officers.

60.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of her constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

61.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

62.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63.     By the actions described, the Defendant City deprived Plaintiff of her Constitutional rights through its policy of training officers to enter and search homes to check on all occupants whenever there are reports of overdosing in connection with those homes.

64.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.     An order awarding compensatory damages for Plaintiff Sharnell

Burgess in an amount to be determined at trial;

b.     An order awarding punitive damages in an amount to be

determined at trial;

c.     A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is

entitled to reasonable attorney's fees, costs and disbursements; and

d.     Such other and further relief as this Court may deem appropriate.


DATED:     May 12, 2021                    _____/s/_____
           New York, New York              CYRUS JOUBIN, ESQ.
                                           43 West 43rd Street, Suite 119
                                           New York, NY 10036
                                           (703) 851-2467
                                           joubinlaw@gmail.com
                                           Attorney for Sharnell Burgess